Dear Doctor Foster:
This office is in receipt of your request for an opinion of the Attorney General in regard to the responsibility for payment of services relative to a rape investigation. You indicate pursuant to R.S. 33:1563(F) the coroner must examine rape victims, and shall be paid by the governing authority for the expenses of the examination which include the fee for emergency room visit, rape kit, laboratory fee for testing specimens, physician's fee, any other reasonable diagnostic procedure required for formation of an expert medical opinion as to the fact and nature of force used, the resistance by the victim and injuries suffered. You state in accordance with Atty. Gen. Op. No. 89-78 that if the examination occurs in a city hospital the municipality must pay for the examination although your hospital is a Parish Hospital located within the city limits. You further relate that a SANE program, Sexual Assault Nurse Examiner, was instituted in a tri-parish area of the 21st Judicial District which was to be funded by the Victim's Reparation Board, but the Board has cut this off on the basis it is for the coroner to do when requested under R.S.33:1556. You state approximately 100 exams will be done in one year and each exam is about 6 to 8 hours, and the SANE program needs to be protected. In this regard you ask as follows:
 1. Does the municipality where a tri-parish SANE program is being done have the responsibility for the physician's fee for the evidence collected?
You further indicate that R.S. 33:1556 authorizes payment of $50 to the coroner for every investigation although Section 1556A(6) requires affirmative approval by the municipality or parochial governing authority for any charge in excess of $30. You ask the following:
 2. Is this a fee because an examination was done or is it the maximum allowable payment of the physician or SANE nurse that does the examination?
 3. If this is occurring in the same parish hospital that is located in a municipality, is it the municipality's responsibility to pay for the exams for a tri-parish area, and if so, must there be an inter-agency agreement to determine if this should be $30 or $50 dollars; and, if it is up to each municipality and each parish governing authority to pay these, must a separate agreement be reached between each one to determine this payment?
You note that R.S. 33:1556 requires the payment of the fees for all physical examinations or investigations in addition to any necessary expenses that may be incurred, and this is separate from the operating budget. Investigative expense and medical expense are distinct, with the medical expense being that of the victim. Since the operational fund is that which is necessary to sustain the function of the office, you ask these questions:
 5. Is the money paid out to SANE, which is payment for the medical expenses of the victim's forensic examination, to come from the coroner's operational budget, or where does it come from?
 6. Do you have the option to have a separate and distinct budget for the payment of rape examination by the SANE, or does there just need to be an additional category to cover this expense added to the coroner's operation budget?
R.S. 33:1563 sets forth duties of the coroner in holding autopsies and investigations. A substantial portion of the statute is relative to investigations into cause of death, but provides in Paragraph F as follows:
 The coroner or his designee shall examine all alleged victims of rape, carnal knowledge, sexual battery, incest, and crime against nature when such cases are under police investigation.
As you are aware this office concluded in Atty. Gen.Op. 94-499 in regard to fees to be paid to the coroner for examinations as follows:
 Thus, he can charge the parish government for the mandated service of examination of all alleged victims of rape, carnal knowledge, sexual battery, incest and crime against nature when such cases are under police investigation, when a hospital fails to examine a victim, and when it is probable there has been a rape. If a city hospital is involved, the municipality must pay the fee for the examinations. (Emphasis added.)
However, in Atty. Gen. Op. 99-381 it was found inasmuch as the coroner had his professional office and performed many of his compensable duties within the municipality, this placed an inequitable burden upon the municipality in which the office was situated. It was observed that the best solution for all would be some type of cooperative endeavor justified by the legal obligation obtaining for all of the governing authorities to pay some portion of the compensation of the coroner whereby all political subdivisions would concur in a joint responsibility to pay all the fees. It was stated, "The coroner would submit one bill, which would be paid by all under an agreed schedule of percentages to be paid by each political subdivision."
Similarly, perhaps some coperative endeavor by the tri-parishes involved could be developed to cover the situation of your concern.
We note that you state that R.S. 33:1556 authorizes payment of $50 to the coroner for every investigation, but that 1556(A)(6) requires affirmative approval by the governing authority for any charge in excess of $30. This statement is incorrect inasmuch as R.S. 33:1556(A)(6) now provides as follows:
 Notwithstanding any provision of this Section to the contrary, the affirmative approval of the governing authority of the parish or municipality shall be required for the coroner to charge more than two hundred and fifty dollars for the performance of any autopsy. In addition, the affirmative approval of the governing authority of the parish or municipality shall be required for the coroner to charge for any expense, tests, costs, or other fees, when the charge for such expenses, tests, costs, or other fees exceed the maximum charges established in the coroner's annual fee schedule. In such fee schedule, the coroner shall list all fees for which a charge of fifty dollars is authorized by law. Such schedule shall be filed with the governing authority of each affected parish or municipality not later than the last day of January of each year.
In regard to your questions it appears that R.S. 33:1560 is pertinent wherein it is provided:
 The coroner may contract with any competent physician or other expert to assist in the conduct of an investigation or autopsy. The physician or other expert, upon the certification of the coroner, shall be paid by the parish or municipality such compensation for his services as shall be mutually agreed upon by the coroner and governing authority of the parish or municipality responsible for the expenses of the investigation or autopsy. However, such compensation, including expenses, tests, costs, or fees, shall not exceed the sum of five hundred dollars, unless otherwise mutually agreed upon by the coroner and the chief executive officer or chief fiscal officer of the parish or municipality. (Emphasis added.)
Therefore, the SANE nurse can be certified as an expert in conducting a rape investigation to be paid by the parish or municipality "as shall be mutually agreed upon by the coroner and governing authority" responsible for the expenses of the investigation, but under the circumstances related it would justify a cooperative agreement of the tri-parish area and municipality involved. This would then not be from the coroner's operational budget, but as stated above require a mutual agreement with the governing authorities involved for contract with an expert to cover the investigative expense performed by the expert which would have to include a rape kit, laboratory fee for testing for specimens, and any other reasonable diagnostic procedure required for the formation of an expert medical opinion, and expert's fee which cannot exceed five hundred dollars.
In Atty. Gen. Op. 94-499, with reliance upon Atty. Gen. Op. 89-78, this office suggested that the coroner should designate every licensed hospital in the jurisdiction and members of its medical staff as his "designee" for the performance of medical examinations under R.S. 33:1563F of all alleged victims of rape which renders the coroner's bill to the police jury routine rather than extraordinary. Therein it was further noted that the fees for all physical examinations or investigations that may be incurred are separate from the operating budget and should be tendered to the governing authority, and the coroner himself may have a designee rather than actually conducting the investigation himself.
We hope this sufficiently answers your inquiries.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: May 9, 2002